IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| FRANK DAVIS, | ) | |
|     Plaintiff | ) | Civil Action No. 4:15-cv-00010 |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | By:    Joel C. Hoppe |
|     Defendant. | ) | United States Magistrate Judge |

I. Background

Plaintiff Frank Davis asks this Court to review the Commissioner of Social Security's (the "Commissioner") final decision denying his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Davis challenges the Administrative Law Judge's ("ALJ") determination of his residual functional capacity ("RFC"), contending that the ALJ failed to conduct a function-by-function analysis and improperly assessed Davis's credibility and the opinions of his treating physicians. Davis also takes issue with the ALJ's finding that his carpal tunnel syndrome was not severe. Finding fault with the ALJ's RFC determination, Davis maintains that the hypothetical the ALJ presented to the vocational expert was also flawed. Summarizing his argument, Davis asserts that the ALJ's inadequate analysis and findings on many issues frustrates meaningful review by this Court. Pl. Br. 3–5, ECF No. 16. Davis repeatedly asks the Court to remand the case for further development of the record and the ALJ's analysis, but in conclusion he asks the Court to reverse the ALJ's decision and award him benefits.

On October 15, 2015, the Commissioner filed a contested Motion to Remand under sentence four of 42 U.S.C. § 405(g). ECF No. 19. The Commissioner contends that remand is necessary so that the ALJ may further develop the record, including the basis for his RFC

1

assessment, and reconsider whether Davis can perform work in the national economy. Def. Mot. to Remand 1–2. She represents to the Court that counsel for Davis opposes the Motion to Remand. *Id.* at 2. Davis filed a brief in opposition to remand and requested leave to file a supplemental merits brief. ECF No. 22.

This Court has authority to decide Davis's case under 42 U.S.C. § 405(g), and his case is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 7. After reviewing the parties' filings and the applicable law, I recommend that this Court grant the Commissioner's Motion to Remand.

## II. Discussion

The Commissioner seeks a "sentence four" remand in this case. The fourth sentence in 42 U.S.C. § 405(g) authorizes this Court to affirm, modify, or reverse the Commissioner's final disability determination with or without remanding the cause for further administrative proceedings. Before the Court can exercise that authority, however, it must determine whether the agency has discharged its duty to consider all evidence bearing on the applicant's disability claim. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997); *Justice v. Barnhart*, 431 F. Supp. 2d 617, 621 (W.D. Va. 2006). In this case, the Commissioner seeks remand so that the ALJ can develop the record and assess Davis's RFC and ability to perform other work in the national economy..

Though Davis opposes the Commissioner's motion to remand, he argued throughout his merits brief that remand is necessary to allow for additional development of the record and a more detailed analysis by the ALJ. Pl. Br. 5, 7, 9, 12, 13, 24. He also asserted that that ALJ's inadequate analysis frustrates this Court's review of the decision. *Id.* at 3, 5, 6, 7, 12, 13, 24. In

2

Case 4:15-cv-00010-JLK-JCH   Document 26   Filed 10/29/15   Page 2 of 5   Pageid#: 1583

addition to Davis's repeated requests in his merits brief, remand in such circumstances is consistent with precedent binding on this Court.

The Fourth Circuit has held that an adequately developed factual record and a sufficient explanation of the basis for the ALJ's opinion are necessary for a court to conduct a meaningful review of the agency's decision. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). When a court cannot evaluate "the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). In particular, remand is warranted when the record requires development or the medical record is ambivalent and the ALJ's analysis is underdeveloped. *Id.* at 295–96.

Given the procedural posture of this case, the Court has not conducted a full review of the record, and the Commissioner has not filed a brief on the merits, electing instead to seek remand. Thus, the Court's review of the Commissioner's decision is extremely limited. Considering the nature of Davis's merits arguments, if the Court were to agree with Davis, the proper course would be to remand for further administrative proceedings rather than award benefits.

In his merits brief, Davis challenges the Commissioner's decision at steps two, four, and five. He also requests the opportunity to supplement his merits brief to challenge the Commissioner's finding at step three that he did not meet Listing 1.04, an argument he did not make in the administrative proceedings below. *See* Administrative Record 49, ECF No. 11-1. In opposing remand, Davis expresses concern that the scope of the agency's review will be too narrow. Considering the breadth of Davis's challenges and his new listings argument, the Court agrees that the Commissioner's suggested scope for remand is too narrow and instead should include reconsideration of each of the five steps in the disability determination process.

3

Davis also protests that remanding his case will delay his efforts to obtain benefits. Four years have passed since Davis filed his disability applications in 2011. The Court is sympathetic to the difficulties that claimants face during a lengthy administrative process followed by an appeal to this Court. Nonetheless, Davis's case has not been in this Court before, and the length of time since his applications were filed, while significant, is not in itself reason to deny remand. *See Breeden v. Weinburger*, 493 F.2d 1002, 1011–12 (4th Cir. 1974) (stating that the ordinary course upon finding reversible error is remand to the agency for further administrative proceedings).

Lastly, Davis argues that remanding this case before he can argue it on the merits would violate his due process rights. He cites no authority for this proposition, and the Court has found none. To the contrary, remanding the case will allow Davis to pursue his claim in full at the administrative level and still appeal an unfavorable decision, if one is rendered, to this Court. His ability to pursue his claim in both arenas in their proper sequence after remand is unfettered.

### III. Conclusion

The Commissioner has requested remand, and, considering the scope of this Court's review of the agency's decision, Davis's arguments in opposition are not persuasive. Accordingly, I find that remand under sentence four is warranted. Therefore, I **RECOMMEND** that this Court **GRANT** the Commissioner's Motion to Remand, ECF No. 19, **DENY** Davis's motion for supplemental briefing, ECF No. 22, **REMAND** the case for full administrative proceedings, and **DISMISS** the case from the Court's active docket.

### NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such

proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send a copy of this Report and Recommendation to the parties.

ENTERED: October 29, 2015.

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge